1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

David A. Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road Suite 102
Tempe, AZ 85283
Tel: (818) 907-2030
Fax: (818) 205-2730
David@pricelawgroup.com

Attorneys for Plaintiff,
**PATRICIA BURRESS**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **PATRICIA BURRESS**, | **Case No.:** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| **THUNDERBIRD COLLECTION SPECIALISTS, INC.**; and DOES 1 through 10, inclusive, | **Demand Does Not Exceed $10,000** |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff,

Patricia Burress, an individual consumer, against Defendant, Thunderbird

Collection Specialists, Inc., for violations of the Fair Debt Collection Practices Act,

COMPLAINT

15 U.S.C. § 1692 et seq. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.    PARTIES

3. Plaintiff, Patricia Burress, is a natural person with a permanent residence in Tempe, Maricopa County, Arizona 85282.

4.    Upon information and belief, the Defendant, Thunderbird Collection Specialists, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 3200 N. Hayden Rd., Suite 100, Scottsdale, Maricopa County, Arizona 85251. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the

COMPLAINT

FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6.      The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.      Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8.      Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

9.      Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.     Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor

COMPLAINT

attempt legal proceedings which could result in garnishment.

11.     The representations made to Plaintiff by Defendant regarding garnishment were false.

12.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

13.     Defendant has no standing to commence legal proceedings on behalf of the creditor.

14.     Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

15.     The representations made to Plaintiff by Defendant regarding legal proceedings were false.

16.     The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

17.     The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

COMPLAINT

18.     The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

19.     Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff after being informed that Plaintiff is not the alleged debtor that Defendant is trying to locate.

## V.   CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

20.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated §1692c(a)(1) of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b)     Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from

COMPLAINT

1

receiving such communication; and

2

(c)    Defendant violated §1692d of the FDCPA by engaging in

3

conduct the natural consequences of which is to harass, oppress,

4

or abuse any person in connection with the collection of an

5

alleged debt; and

6

7

(d)    Defendant violated §1692d(2) of the FDCPA by using obscene

8

or profane language or language the natural consequences of

9

10

which is to abuse the hearer or reader in connection with the

11

collection of an alleged debt; and

12

(e)    Defendant violated *§1692e* of the FDCPA by using a false,

13

deceptive, or misleading representation or means in connection

14

with the collection of the alleged debt; and

15

16

(f)    Defendant violated *§1692e(4)* of the FDCPA by giving the false

17

representation or implication that nonpayment of the alleged

18

debt will result in the garnishment of wages of any person when

19

20

such action is unlawful and the Defendant does not intend to

21

take such action; and

22

(g)    Defendant violated *§1692e(5)* of the FDCPA by threatening to

23

take action that the Defendant does not intend to take and/or the

24

25

COMPLAINT

Defendant cannot legally take; and

(h)     Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(i)     Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

22.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Patricia Burress, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, Thunderbird Collection Specialists, Inc., for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA.

B.     Actual damages.

- 7 -

COMPLAINT

C.    Statutory damages pursuant to 15 U.S.C. § 1692k.

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.    For such other and further relief as the Court may deem just and proper.

## VI.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Patricia Burress, demands trial by jury in this action.

DATED:September 4, 2013           RESPECTFULLY SUBMITTED,
                                  **PRICE LAW GROUP APC**


                                  By:/s/ David A. Chami
                                     David A. Chami, Esq.
                                     Attorney for Plaintiff

COMPLAINT